**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELIZABETH BOOK,**
    **Plaintiff,**

**-vs-**             **Case No. 6:08-cv-1180-Orl-28DAB**

**CITY OF DAYTONA BEACH, FLORIDA,**
    **Defendant.**
_____

# ORDER

Plaintiff Elizabeth Book brought the instant action alleging that the Public Nudity Ordinance (hereinafter "Ordinance 02-496") of Defendant City of Daytona Beach, Florida ("the City") and sections 800.03 and 877.03, Florida Statutes, (collectively "the Statutes") violate the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.[1] The State of Florida ("the State"), which has intervened in the case,[2] has filed a Motion for Summary Judgment (Doc. 32). Plaintiff has not filed a response to this motion, and the time in which to do so has run. The matter is now ripe for adjudication.

### I. Background

On July 17, 2008, Plaintiff filed a single-count Complaint against the City, requesting

---

[1] On August 14, 2009, the Court entered an Order finding that Ordinance 02-496 did not violate Plaintiff's rights under the Equal Protection Clause and granting Judgment on the Pleadings to the City. (Doc. 31 at 7). The only remaining claim pertains to the state statutes and not the municipal ordinance.

[2] Because Plaintiff challenges the constitutionality of state statutes, this Court—pursuant to 28 U.S.C. § 2403(b)—certified the challenge to the Attorney General of the State of Florida. (Doc. 22). The Attorney General filed a Motion to Intervene on June 11, 2009 (Doc. 24), and the Court granted the motion the next day, (Doc. 25).

that this Court declare the aforementioned laws to be unconstitutional, issue an injunction halting their enforcement, expunge Plaintiff's criminal record,[3] and award costs and attorneys fees under 42 U.S.C. § 1988. (Compl. ¶ 45). Plaintiff alleges that the Statutes[4] violate the Equal Protection Clause because they criminalize the exposure of a woman's breasts at times, places, and manners in which the exposure of a man's breasts is not criminalized. (Id. ¶¶ 14-18). Simply put, Plaintiff argues that these laws treat men and women differently because men may expose their breasts in public without fear of criminal prosecution while women may not. The State has moved for summary judgment regarding the constitutionality of the Statutes. (Doc. 32).

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When faced with a "properly supported motion for summary judgment, [the nonmoving

---

[3] Plaintiff alleges in her Complaint that the City arrested her on several occasions for exposing her breasts in public and prosecuted her under the Statutes. (Compl. ¶¶ 10-11).

[4] Section 800.03, Florida Statutes, makes it a crime to "expose or exhibit one's sexual organs in public . . . in a vulgar or indecent manner, or to be naked in public except in any place provided or set apart for that purpose. . . . A mother's breastfeeding of her baby does not under any circumstance violate this section." § 800.03, Fla. Stat. Section 877.03, Florida Statutes, provides that "[w]hoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, . . . shall be guilty of a misdemeanor of the second degree." § 877.03, Fla. Stat.

party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). "A nonmoving party, opposing a motion for summary judgment supported by affidavits [or other relevant evidence,] cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see also Fed. R. Civ. P. 56(e)(2) (providing that the nonmovant "must . . . set out specific facts showing a genuine issue for trial").

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Some degree of factual dispute is expected, but to defeat a motion for summary judgment the factual dispute must be material and genuine. That is, the factual evidence must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III. Analysis

Plaintiff contends that the Statutes violate the Equal Protection Clause by "prohibit[ing] the complete exposure of the female human breast(s) at times, at places, and/or in manners in which the full exposure of the male human breast(s) is not prohibited." (Compl. ¶ 45). While Plaintiff alleges that the Statutes impermissibly create a "gender-based classification of breasts [that] serves no compelling or otherwise important governmental objective," (id.

¶ 35), such a claim does not necessarily raise an impermissible classification based on gender, see J & B Social Club #1, Inc. v. City of Mobile, 966 F.Supp. 1131, 1139 (S.D. Ala. 1996). "[W]hile detrimental gender classifications by government often violate the Constitution, they do not always do so, for the reason that there are differences between males and females that the Constitution necessarily recognizes." Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 478 (1981).

For the purposes of this motion, the Court need not determine whether the Statutes actually create a gender-based classification. Instead, the Court will assume such and apply the heightened standard of scrutiny for gender-based classifications as set forth in United States v. Virginia, 518 U.S. 515 (1996). When presented with a gender-based classification in that case, the Supreme Court held that "[t]he State must show at least that the [challenged] classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." Id. at 533 (quotation marks omitted) (second alteration in original). As did Florida's Fifth District Court of Appeal in Frandsen v. County of Brevard, 800 So. 2d 757 (Fla. 5th DCA 2001), this Court finds that the gender-based classifications created by the Statutes are substantially related to an important governmental interest and therefore the Statutes do not violate the Equal Protection Clause. Id. at 760 (holding that sections 800.03 and 877.03, Florida Statutes, serve an important governmental objective and that the discriminatory means were substantially related to those objectives); accord United States v. Biocic, 928 F.2d 112, 115 n.3 (4th Cir. 1991) (stating that the important government interest in a similar statute was "the widely recognized one of protecting the moral sensibilities of that substantial

segment of society that still does not want to be exposed willy-nilly to public displays of various portions of their fellow citizens' anatomies that traditionally in this society have been regarded as erogenous zones," including the female breast).

Accordingly, the State's motion for summary judgment (Doc. 32) is hereby **GRANTED**. In accordance with this Order and the Order (Doc. 31) granting the City's Motion for Judgment on the Pleadings, the Clerk is directed to enter a judgment providing that Plaintiff shall take nothing in this action. Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 5th day of November, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party