**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELIZABETH BOOK,**

          **Plaintiff,**

**-vs-**                                **Case No. 6:08-cv-1180-Orl-28DAB**

**CITY OF DAYTONA BEACH, FLORIDA,**

          **Defendant.**
_____

# ORDER

This cause is before the Court on Plaintiff's "Motion for Leave to File Response Out of Time to Defendant State of Florida's Motion for Summary Judgment; and, Additionally or Alternatively, Alter, Amend, and/or Set Aside Order and Judgment Thereon" (Doc. 39). On the basis of excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1) or alternatively under the equitable provision under Rule 60(b)(6), Plaintiff requests that this Court set aside its November 6, 2009 Order (Doc. 36) granting the State of Florida's ("the State") motion for summary judgment. (Doc. 39 at 3). Counsel states that "sometime in October" he learned that a previously-filed motion for an enlargement of time to respond to the State's motion for summary judgment had been denied as moot because the Case Management and Scheduling Order (Doc. 18) already provided for the "extension" of time sought.[1] (Doc. 39 at 1-2). Specifically, Plaintiff argues that she failed to respond to the

---

[1]Though having appeared before this Court numerous times, counsel for Plaintiff requested an extension of time until October 20, 2009 to file a response because "this court did not enter a Millburn [sic] Order to set the time for [Plaintiff's] response." (Doc. 33).

State's motion for summary judgment because her counsel was incapacitated due to pain and pain medications after counsel fell and broke his leg in the early-morning hours of October 7, 2009. (Id.).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60. "[C]laims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the 'residual equitable authority' contained in Rule 60(b)(6)." S.E.C. v. Simmons, 241 F. App'x 660, 663 (11th Cir. 2007) (citing Solaroll Shade & Shutter Corp. v. Bio-Energy Sys. Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (stating "that 60(b)(1) and (b)(6) are mutually exclusive" and that "[t]herefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)")). "In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 785 (11th Cir. 1993).

Plaintiff has failed to establish either the first or third prong. Plaintiff has provided nothing in her motion regarding a "meritorious defense that might have affected the

---

However, the previously entered Case Management and Scheduling Order required a response to be filed within thirty days after service of a motion for summary judgment, so no additional Order setting the time for response was necessary. (See Docs. 18 & 35).

outcome." See Solaroll, 803 F.2d at 1133 (requiring "an affirmative showing of a defense that is likely to be successful" in order to obtain relief under Rule 60(b)(1)). Additionally, Plaintiff has not demonstrated excusable neglect in failing to respond to the State's motion for summary judgment. After the denial of Plaintiff's first request for an extension of time, counsel did not file another request for an extension of time explaining his medical difficulties prior to this Court's November 5, 2005 Order. In light of counsel's admitted ability "to work sporadically and on less complicated tasks, such as short responses and motions obtaining continuances in other cases before this Court" prior to November 15, 2009, (Doc. 39 at 1-2), the Court finds no excusable neglect. As counsel himself stated, he was able to request extensions of time and file responses in other cases before this Court. Accordingly, Plaintiff's motion (Doc. 39) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 25th day of January, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party